■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO MARRERO, Also Known as MARCO MARRENO, Appellant. [836 NYS2d 96]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at hearing; Arlene R. Silverman, J., at plea and sentence), rendered January 6, 2006, convicting defendant of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of three years with two years' postrelease supervision, unanimously modified, on the law, to the extent of reducing the period of postrelease supervision to 1½ years, and otherwise affirmed.

Defendant made a valid and enforceable waiver of his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]). The court did not conflate the right to appeal with the rights automatically forfeited by pleading guilty, but separately explained that the waiver of the right to appeal was in consideration for the plea. Furthermore, defendant also signed a valid written waiver. Although that document was in English, there was a Spanish interpreter present throughout the plea proceeding.

This waiver forecloses review of his suppression and excessive

sentence arguments. Were we to find that defendant did not make a valid waiver, we would reject these arguments.

However, as the People concede, since the court stated that it was imposing the minimum period of postrelease supervision permitted by law, but actually imposed a greater period (see Penal Law § 70.45 [2] [d]), the sentence should be modified accordingly. Concur—Mazzarelli, J.P., Andrias, Saxe, Sweeny and Malone, JJ.